**Electronically Filed
Supreme Court
SCWC-23-0000478
13-JUL-2026
09:31 AM
Dkt. 23 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

_____

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellant,

vs.

BASIL WOODY,
Petitioner/Defendant-Appellee.

_____

SCWC-23-0000478

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-23-0000478; CASE NO. 3DTA-23-00311)

July 13, 2026

DEVENS, C.J., McKENNA, EDDINS, AND GINOZA, JJ., AND CIRCUIT
JUDGE ASHFORD, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY McKENNA, J.

## I. Introduction

This case requires this court to determine the standard governing a State motion to continue due to witness unavailability.

According to Officer Alexis Molina ("Officer Molina"), on February 12, 2023, he saw Defendant Basil Woody ("Woody") commit

several traffic offenses.  Although he tried to pull Woody over, she drove at least a mile to her own house before stopping.  He noticed indicia of alcohol intoxication and arrested Woody.

After an intoxilyzer test at the police station, Woody was charged with operating a vehicle under the influence of an intoxicant as a highly intoxicated driver.  On April 10, 2023, Woody filed a motion to suppress the fruits of her warrantless seizure and arrest.

The hearing on Woody's motion was originally scheduled to take place on April 24, 2023.  At the hearing, Woody requested a continuance as discovery had not been provided, and the hearing was rescheduled to take place fifty-three days later, on June 16, 2023.

Nine days before the rescheduled hearing, the State issued a subpoena for Officer Molina.  Four days before the hearing, Officer Molina informed the State that he could not appear due to weekend military reservist training.  Two days before the hearing, the State filed a motion to continue.

At the rescheduled hearing, the District Court of the Third Circuit[1] ("district court") found the State had not exercised due diligence to secure Officer Molina's availability and denied the State's motion to continue.  After the State conceded it had

---

[1]    The Honorable Joanna E. Sokolow presided.

conducted a warrantless seizure and had no other available witnesses, and after finding that the State also failed to establish good cause to continue the hearing, the district court granted Woody's motion to suppress in its entirety and scheduled trial for August 15, 2023. But the grant of the suppression motion in its entirety essentially meant the State lacked evidence to present at trial.

On August 14, 2023, the State filed an appeal to the Intermediate Court of Appeals ("ICA"), arguing it had exercised due diligence and would otherwise be unable to argue the merits of its case if the suppression order was not vacated.

The ICA applied its "Lee test" from State v. Lee, 9 Haw. App. 600, 604, 856 P.2d 1279, 1282 (App. 1993), as the test governing its review of the State's motion to continue. State v. Woody, No. CAAP-23-0000478, 2025 WL 2092848, at *2 (Haw. App. July 25, 2025) (SDO). The ICA had initially adopted the Lee test to address a defense motion to continue based on witness unavailability. Lee, 9 Haw. App. at 604, 856 P.2d at 1282. The test required a defendant to show that (1) the defendant acted with due diligence to obtain the attendance of the witness; (2) the witness would provide substantial favorable evidence for the defendant; (3) the witness is available and willing to testify; and (4) the denial of the continuance would result in material prejudice to the defendant. Id.

In State v. Williander, 142 Hawai'i 155, 163, 415 P.3d 897, 905 (2018), this court rejected the Lee test as the standard governing defense motions to continue as violative of a defendant's constitutional right to compulsory process. While acknowledging Williander, the ICA applied the Lee test to the State's motion to continue. Woody, 2025 WL 2092848, at *2 n.2. The ICA then ruled that the State had exercised due diligence and otherwise satisfied the test and ordered that the suppression order be set aside.

On certiorari, Woody argues the ICA erred by applying the Lee test, which has never been adopted by this court, and by determining the district court abused its discretion by finding the State did not act with due diligence.

We hold that the ICA erred by applying the Lee test to the State as it is also unworkable and unjust even as applied to the State. We therefore now reject the Lee test in its entirety. We also hold that the ICA erred by overruling the district court's due diligence ruling.

But we do not reinstate the district court's order granting the suppression motion.

Instead, we further hold as follows. A State motion to continue based on witness unavailability is to first be analyzed for Hawai'i Rules of Penal Procedure ("HRPP") Rule 48 (eff. 2000) excludability based on HRPP Rule 48(c)(4)(i)'s due diligence

4

standard.  If the State fails to establish due diligence, <u>State v. Gillis</u>, 63 Hawaiʻi 285, 288, 626 P.2d 190, 193 (1981), precludes a court from excluding a continuance period under HRPP Rule 48(c)(8)'s good cause standard.  But if the Rule 48 deadline has yet to expire, the court is to analyze whether a continuance should be granted based on the common law good cause standard.

Under the common law good cause analysis, to determine whether a continuance should still be granted, the court is to consider the totality of circumstances, which include, but are not limited to: (1) whether the circumstances that caused the witness to be unavailable were unanticipated or not reasonably foreseeable; (2) whether the witness is anticipated to provide relevant and material testimony that benefits the State; and (3) prejudice to the State or to the defendant based on the denial or the grant of a continuance.

Here, the State indicated at the June 16, 2023 hearing that the six-month deadline under HRPP Rule 48 for trial commencement would not expire until October 2023.  As the district court did not err in finding a lack of due diligence, we therefore apply this new totality of circumstances standard.  We hold that good cause existed to grant the State a reasonable continuance to obtain Officer Molina's testimony for the suppression hearing.

Hence, we remand to the district court for further proceedings consistent with this opinion.

## II. Background

## A. District court proceedings[2]

### 1. Factual background

According to Officer Molina, on February 12, 2023, at approximately 1:30 AM, he observed Woody's vehicle traveling over the speed limit and crossing traffic lines. He turned on his siren and tried to pull Woody over, but she drove more than one mile before stopping at her house.

According to Woody, when she pulled over into the driveway of her home, Officer Molina asked her to step out of the vehicle. According to Officer Molina, Woody voluntarily exited her vehicle and showed indicia of intoxication, including red, watery, and glassy eyes, breath smelling strongly of alcohol, and being argumentative. Officer Molina also reported that she tried to push past him and flee into her residence.

Officer Molina arrested Woody and transported her to the police station, where she apparently blew a blood alcohol level of over 0.15. She was released from custody later that day.

On February 21, 2023, Woody was charged with operating a vehicle while under the influence of alcohol based on a blood

---

2    The facts remain disputed and are based on the State's and Woody's allegations.

alcohol level of at least 0.15, in violation of Hawaiʻi Revised Statutes ("HRS") § 291E-61(a)(1) and/or (a)(3) and (b)(4) (Supp. 2021).[3]  On March 16, 2023, she entered a not guilty plea.

**2.  Motion to suppress**

On April 10, 2023, Woody filed a motion to suppress, alleging three "warrantless constitutional breaches": (1) the

---

[3]    HRS § 291E-61 provides in relevant part:

> (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> (1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;
>
> . . . .
>
> (3) With .08 or more grams of alcohol per two hundred ten liters of breath[.]
>
> . . . .
>
> (b)  A person committing the offense of operating a vehicle under the influence of an intoxicant shall be sentenced without possibility of probation or suspension of sentence as follows:
>
> . . . .
>
> (4)  In addition to a sentence imposed under paragraph (1), for a first offense under this section, or an offense not preceded within a ten-year period by a conviction for an offense, any person who is convicted under this section and was a highly intoxicated driver at the time of the subject incident shall be sentenced to an additional mandatory term of imprisonment for forty-eight consecutive hours and an additional mandatory revocation period of six months; provided that the total term of imprisonment for a person convicted under this paragraph shall not exceed the maximum term of imprisonment provided in paragraph (1). Notwithstanding paragraph (1), the revocation period for a person sentenced under this paragraph shall be no less than eighteen months[.]

initial seizure of Woody's vehicle; (2) the request for Woody to exit her vehicle; and (3) the warrantless arrest of Woody and transport to the station.  She argued that the credibility and quality of Officer Molina's observations required an evidentiary hearing.  She requested that the following be suppressed: (1) her identity as the driver of the vehicle; (2) observations of her; (3) observations of her demeanor and physical appearance; and (4) the fruits of the poisonous tree to include any statements, observations at the police station, and results of a blood alcohol or breathalyzer test.

The motion was originally scheduled to be heard on April 24, 2023.  On that day, Woody requested a continuance to receive discovery, and the evidentiary hearing was continued to June 16, 2023, fifty-three days later.

On June 7, 2023, nine days before the rescheduled hearing, the State issued a subpoena for Officer Molina, but it is unclear on the existing record whether it was ever served.  On June 12, 2023, four days before the hearing, Officer Molina informed the State that he was a military reservist and would not be available to testify.

On June 14, 2023, two days before the rescheduled hearing, the State filed its opposition to Woody's motion to suppress, arguing warrantless seizures are generally permissible when supported by reasonable suspicion, such as Woody's alleged

traffic violations. The State further argued probable cause was established after Woody exited her vehicle, attempted to flee into her house, exhibited indicia of intoxication, and refused to participate in standardized field sobriety tests.

On the same day, the State also filed a motion to continue the hearing on the grounds Officer Molina was unavailable to testify on June 16, 2023 due to a weekend military training assignment. The State also indicated Molina had an extended military service from July 3, 2023 through August 8, 2023.

On Friday, June 16, 2023, the district court began the rescheduled hearing on the motion to suppress. The State orally repeated its request for a continuance on the grounds Officer Molina was not available. The State also represented that the six-month deadline under HRPP Rule 48(b) would not expire until October 2023.

The district court expressed concern regarding the State's lack of due diligence in waiting so long to ascertain Officer Molina's availability and not issuing a subpoena until nine days before the hearing. The district court then orally denied the State's motion to continue. As Officer Molina was the only witness that could have testified regarding the possible reasonable suspicion to justify the warrantless seizure, the State had no evidence to counter the defense motion. The

district court then granted the motion to suppress and set trial for August 15, 2023.

On July 28, 2023, the district court entered its written order granting the motion to suppress. On August 1, 2023, the district court also entered an order denying the State's motion to continue, ruling there was no good cause based on the timeline of events. The district court noted that if the State had attempted to contact Officer Molina earlier, the State could have sought to advance the hearing to accommodate the officer's schedule. The district court ordered Woody to return to court on August 15, 2023, for trial.

On August 14, 2023, the State appealed, arguing the district court erred by denying the motion to continue and then granting the motion to suppress.

**B.  ICA proceedings**

The ICA vacated the district court's order granting the motion to suppress. Woody, 2025 WL 2092848, at *3.

In doing so, the ICA applied its Lee test, which required a defendant to show that (1) the defendant acted with due diligence to obtain the attendance of the witness; (2) the witness would provide substantial favorable evidence for the defendant; (3) the witness is available and willing to testify; and (4) the denial of the continuance would result in material

prejudice to the defendant. Woody, 2025 WL 2092848, at *2-3 (citing Lee, 9 Haw. App. at 604, 856 P.2d at 1282).

The ICA acknowledged that in Williander, this court overruled Lee as the test governing defense motions to continue trial as violative of a defendant's constitutional right to compulsory process. Woody, 2025 WL 2092848, at *2 n.2. The ICA reasoned that Lee still applies, however, when the State moves to continue. Id.

According to the ICA, at issue here was the first factor, due diligence. Woody, 2025 WL 2092848, at *3. The ICA noted "the subpoena for Officer Molina was issued on June 7, 2023; the assigned prosecutor did not receive the file until June 9, 2023, [the] 'last Friday' before the June 16, 2023 hearing; and the prosecutor was in communication with the officer regarding his availability[.]" Id.

The ICA found due diligence to exist, concluding that "while not prompt, these efforts were reasonable and established sufficient diligence under the circumstances." Id.

The ICA ruled the Lee test was otherwise met and then held the district court abused its discretion by denying the State's motion to continue the suppression hearing. Id.

C. **Certiorari proceedings**

On certiorari, Woody asserts the ICA erred by overturning the district court's order granting the motion to suppress. In

11

summary, she argues that the State's efforts in securing the attendance of Officer Molina were not diligent. She also asserts that this court has never adopted the Lee test.

### III. Standards of Review

#### A. Decision on motion to continue

> A motion for continuance is addressed to the sound discretion of the trial court, and the court's ruling will not be disturbed on appeal absent a showing of abuse of that discretion. Generally, to constitute an abuse, it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

Williander, 142 Hawai'i at 162, 415 P.3d at 904 (cleaned up).

#### B. Mixed questions of fact and law

We review conclusions of law presenting mixed questions of fact and law under the clearly erroneous standard because the conclusion is dependent upon the facts and circumstances of the particular case. Matter of Kuamoo, 142 Hawai'i 492, 496, 421 P.3d 1262, 1266 (2018).

### IV. Discussion

#### A. The ICA erred by applying its Lee test, which we now reject in its entirety

The ICA applied the test it adopted in Lee to this State motion to continue the hearing on a defense suppression motion. Woody, 2025 WL 2092848, at *2-3. The Lee test required a defendant to show that (1) the defendant acted with due diligence to obtain the witness's attendance; (2) the witness

12

would provide substantial favorable evidence for the defendant; (3) the witness was available and willing to testify; and (4) the denial of the continuance would result in material prejudice to the defendant.  9 Haw. App. at 604, 856 P.2d at 1282.

The Lee test was adopted by the ICA from a federal Fifth Circuit Court of Appeals opinion.  Id. (citing United States v. Walker, 621 F.2d 163, 168 (5th Cir. 1980)).  In Lee, the ICA applied the same four factors from the federal test to uphold the trial court's denial of a defense motion to continue because the defendant had not been diligent and had waited until the day of trial to secure the witness, did not show that the witness even existed, and failed to prove the testimony would bear directly upon the issue of guilt and not merely impeachment. Id.

Woody correctly argues that this court has never adopted the Lee test.  See State v. Villiarimo, 132 Hawai'i 209, 223, 320 P.3d 874, 888 (2014) (Nakayama, J., concurring).  In Williander, this court rejected the Lee test in the context of a defense motion to continue.  142 Hawai'i at 163, 415 P.3d at 905.  This court held that the circuit court violated the defendant's constitutional right to compulsory process under the United States and Hawai'i constitutions by denying his motion to continue.  Id.  In rejecting the Lee test, this court held it "goes too far in limiting the right to compulsory process, thus

13

creating unnecessary burdens on defendants who wish to exercise this right." Id. This court instead held that the factors relevant to a defendant's request to continue trial based on witness unavailability are: "(1) whether counsel exercised due diligence in seeking to obtain the attendance of the witness; and (2) whether the witness provides relevant and material testimony that benefits the defendant." Id.

The ICA deemed Williander inapplicable here because it addressed a defendant's motion to continue based on witness unavailability, which implicated a defendant's constitutional rights. Woody, 2025 WL 2092848, at *2 n.2. The ICA held that "because the State was moving to continue, the Lee test still applies." Id.

In applying the Lee test here, the ICA cited its own summary disposition order that described the test in terms of a movant's burden instead of a defendant's burden. Woody, 2025 WL 2092848, at *2 (citing State v. O'Donnell, No. 29730, 2009 WL 5116359, at *2 (Haw. App. Dec. 29, 2009) (SDO) (citation omitted)). But both Lee and O'Donnell addressed defense motions to continue based on witness unavailability. Id. And this court rejected the Lee test in Williander for defense motions to continue. Williander, 142 Hawai'i at 163, 415 P.3d at 905.

We now also reject the Lee test in its entirety, including for State motions to continue based on witness unavailability, because its rigidity is unworkable and fundamentally unfair.

First, under the Lee test, if due diligence is not established under its first prong, the State is not able to obtain a continuance even when time remains under HRPP Rule 48. If there is no due diligence and testimony from the unavailable witness is required to prosecute the State's case, then, a dismissal could result, even for extremely serious charges. For example, here, after Officer Molina's testimony was suppressed, if the State had appeared for trial on August 15, 2023, with no evidence to present, it most likely would have moved to dismiss the charge so that jeopardy would not attach, then hope for a dismissal without prejudice so that it could refile the charge. But if that request was denied, the prosecution would end.

Hence, strict application of the Lee test could result in a pretrial dismissal of a serious charge despite there being significant time remaining on the HRPP Rule 48 deadline if a prosecutor fails to exercise due diligence to secure the presence of a critical witness.

But Hawai'i appellate case law generally favors sanctions less severe than dismissal. For example, in State v. Dowsett, 10 Haw. App. 491, 494-96, 878 P.2d 739, 741-42 (App. 1994), the ICA held that courts should consider "measures less severe than

dismissal" where the State had violated its discovery obligations by failing to hand over key documents to the defendant under HRPP Rule 16 and the trial court sanctioned the State through dismissal. The ICA held that "before the court orders dismissal of a case because of the State's violation of HRPP Rule 16, it must consider whether less severe measures would rectify prejudice caused to the defendant by the violation." 10 Haw. App. at 495, 878 P.2d at 742.

In addition, the Lee test would require the State to establish "that the witness is available and willing to testify." 9 Haw. App. at 604, 856 P.2d at 1282. But there are many prosecutions in which State witnesses are actually quite reluctant to testify.

Thus, the Lee test is unworkable and unfair, even when applied to a State motion to continue.

Hawai'i state courts need not adopt federal tests, especially those that create rigid, unjust standards.

We now hold the Lee test does not govern motions to continue for witness unavailability in Hawai'i state courts.

16

B.     **A State motion to continue based on witness unavailability is to be analyzed for "due diligence" under HRPP Rule 48(c)(4)(i) and even if due diligence does not exist, rendering a State requested continuance inexcludable under Rule 48, if time remains under Rule 48, the request is to be analyzed under the common law good cause standard under the totality of circumstances**

Having rejected the Lee test, we must determine how courts should address a State motion to continue due to witness unavailability.  Here, the district court found due diligence lacking at the hearing.  Then, in its written order, it also found good cause lacking based on the lack of due diligence.

1.     **A court is to first address whether the State has shown "due diligence" under HRPP Rule 48(c)(4)(i)**

In analyzing due diligence, the district court may have been considering HRPP Rule 48(c)(4)(i).  HRPP Rule 48 is intended to ensure the accused a speedy trial, separate and distinct from the constitutional protection to a speedy trial. State v. Estencion, 63 Haw. 264, 268, 625 P.2d 1040, 1043 (1981).  Rule 48(b) requires that trials commence within six months of certain triggering dates.  Rule 48(c) then provides for exclusion of designated categories of time from the six-month deadline.

Subsection (c)(4)(i) of HRPP Rule 48 specifically allows for exclusion based on the unavailability of a State witness as long as the State exercised due diligence.  Subsection (c)(8)

17

then seemingly generally allows for exclusion based on good cause:

> . . . .
>
>> (b) By court. Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months:
>>
>> . . . .
>>
>> (c) Excluded periods. The following periods shall be excluded in computing the time for trial commencement:
>>
>> . . . .
>>
>>> (4) periods that delay the commencement of trial and are caused by a continuance granted at the request of the prosecutor if:
>>>> (i) the continuance is granted because of the unavailability of evidence material to the prosecution's case, when the prosecutor has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at a later date[.]
>>>
>>> . . . .
>>>
>>>> (8) other periods of delay for good cause.

HRPP Rule 48.

When the State moves to continue a hearing or trial based on witness unavailability, a court is to first address due diligence under HRPP Rule 48(c)(4)(i). The district court did so and found due diligence lacking. The ICA reversed. But we agree with Woody that the ICA erred by overruling the district court's due diligence determination.

After the original hearing date on the motion to suppress was continued for fifty-three days, until June 16, 2023, the State waited until nine days before the continued hearing to

attempt to subpoena Officer Molina.  The State did not learn until four days before the hearing that he would not be available, then filed its motion to continue two days before the hearing date.  If the State had acted diligently, it would have known well in advance that Officer Molina would not be available on June 16, 2023.  As the district court indicated, the State could have then moved to advance or continue the hearing, which could have been decided without Woody needing to appear for the continued hearing.  The ICA therefore erred by overruling the district court's due diligence determination.

> **2. If due diligence does not exist under HRPP Rule 48(c)(4)(i), then "good cause" under Rule 48(c)(8) cannot be considered**

In its written order, the district court also found good cause lacking based on the timeline — the same facts on which it determined due diligence did not exist.  It does not appear the district court was referring to the good cause exclusion under HRPP Rule 48(c)(8), as this court has held that if a Rule 48 exclusion is not available under Rule 48(c)(4)(i) for the State's failure to exercise due diligence, then the good cause exclusion under the HRPP is also not available.  See Gillis, 63 Haw. at 288, 626 P.2d at 193 ("[HRPP] Rule 48(c)(8) is not to be used to excuse a lack of diligence on the part of the government to comply with Rule 48[(c)(4)].").  Therefore, we assume the district court was referring to the common law good cause

19

standard for continuances when it also determined good cause to be lacking.

> **3.  If the State fails to exercise due diligence but time still remains under HRPP Rule 48, then the common law "good cause" standard applies**

We assume the district court was attempting to apply the common law good cause standard because, separate and apart from the good cause standard under HRPP Rule 48(c)((8), this court has applied the common law good cause standard to motions to continue based on witness unavailability.  For example, in Villiarimo, this court applied the good cause standard to analyze whether a continuance should have been granted for a defendant to secure expert testimony in a probation modification or revocation hearing context.  132 Hawai'i at 218, 320 P.3d at 883.

Other state supreme courts have applied a good cause standard to prosecution requests to continue suppression motion hearings based on State witness unavailability.

In People v. Bakari, 780 P.2d 1089, 1091-92 (Colo. 1989), the Colorado Supreme Court addressed a trial court's denial of a State requested continuance for lack of "good cause" and granting of a defendant's motion to suppress after the State lacked witnesses to testify.  In overruling the lower court, the Colorado Supreme Court ruled that denying the motion to continue was tantamount to granting a motion to dismiss and that "the

20

district court should have considered the harsh consequences of dismissal, the public interest in prompt disposition of the case, and the available alternatives." 780 P.2d at 1092-93. It emphasized that there was no reason for the district court to insist, upon pain of dismissal, that it hear the suppression motion when continuance would not result in delay of the trial or prejudice the defendant. 780 P.2d at 1093.

In People v. Brown, 525 P.3d 1036, 1038 (Cal. 2023), the California Supreme Court addressed a trial court's denial of the State's motion to continue a suppression hearing based on the absence of "good cause," which led to the suppression of key evidence and prevented the State from prosecuting its case. The California Supreme Court held that in determining whether denial of the State motion for continuance was inappropriate, courts should consider the totality of extant circumstances, which include whether denial of the continuance will result in a dismissal of charges:

> In determining whether the denial of a continuance will make it reasonably foreseeable that a case will be dismissed, the court must consider the totality of the extant circumstances. One of the factors to be considered is the People's representation that they will be unable to proceed without the challenged evidence . . . . In the final analysis, the burden is on the People to make this showing. If that showing falls short, the court is free to deny the continuance and proceed with the suppression hearing.

Brown, 525 P.3d at 1049-50. Granted, Brown noted California's legislative intent that "courts may not dismiss a case due to a

21

failure to meet the good cause requirements for a continuance before the statutory period had expired." 525 P.3d at 1045 (cleaned up). This differs from our HRPP Rule 48 analysis based on Gillis discussed above. But Brown did apply the "good cause" standard.

Thus, we hold that if the State fails to establish due diligence when it seeks a continuance based on witness unavailability, but time still remains under HRPP Rule 48, then the court is to address whether a continuance should be granted under the common law good cause standard, even if the time period for a continuance cannot be excluded under Gillis based on HRPP Rule 48(c)(8).

This court has held that "good cause" depends on the circumstances of the individual case, and a finding of its existence will lie largely in the court's discretion. Doe v. Doe, 98 Hawai'i 144, 154, 44 P.3d 1085, 1095 (2002). Here, the district court found good cause lacking based on the timeline indicating a lack of due diligence.

But this court has said it is not possible to provide one definition of good cause, as standards governing whether good cause exists depends upon the circumstances of the individual case. Chen v. Mah, 146 Hawai'i 157, 178, 457 P.3d 796, 817 (2020). And although, based on Gillis, the good cause exclusion of Rule 48(c)(8) cannot exclude time for a continuance due to

22

State witness unavailability when due diligence under HRPP Rule 48(c)(4)(i) is lacking, in discussing what constitutes good cause under HRPP Rule 48(c)(8), this court has stated:

> This court has defined good cause to mean a substantial reason which affords a legal excuse, and has held that the good cause provision is provided to take care of unanticipated circumstances. Additionally, a period is excludable as good cause under HRPP Rule 48(c)(8) if the events causing the delay are unanticipated and not reasonably foreseeable. Most importantly, this court has said that whether a period of time is excludable as good cause under HRPP Rule 48(c)(8) is dependent on the facts of each case.

State v. Choy Foo, 142 Hawai'i 65, 76, 414 P.3d 117, 128 (2018) (cleaned up).

Also, although we have rejected a strict application of the Lee test, as we said in Villiarimo, we have considered its factors:

> This court has not explicitly adopted the Lee test. However, we have often applied some combination of these factors in evaluating a motion for a continuance to obtain the testimony of an unavailable witness at trial. In State v. Valmoja, 56 Haw. 452, 540 P.2d 63 (1975), we held that the trial court abused its discretion in denying a motion for a continuance where the defendant exercised due diligence in attempting to obtain the testimony of the absent witness and the materiality of the witness's evidence was apparent. 56 Haw. at 454, 540 P.2d at 64. In State v. Mara, 98 Hawai'i 1, 41 P.3d 157 (2002), we concluded that the circuit court did not abuse its discretion in denying the defendant's request for a continuance where the defendant failed to show that he was materially prejudiced by his inability to present the unidentified witness's testimony. 98 Hawai'i at 14-15, 41 P.3d at 170-71.

Villiarimo, 132 Hawai'i at 223, 320 P.3d at 888 (Nakayama, J., concurring).

Estencion also discusses possible factors in the context of determining whether a case should be dismissed with or without prejudice for a HRPP Rule 48 violation:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

63 Haw. at 269, 625 P.2d at 1044 (citation omitted).

Estencion also discusses additional HRPP Rule 48 policy considerations relevant to the administration of justice, which are to relieve congestion in the trial court, to promptly process all cases reaching the courts, and to advance the efficiency of the criminal justice process. 63 Haw. at 268, 625 P.2d at 1043.

But the existence of good cause depends on the circumstances of each individual case, and not all possible factors may be relevant in a particular case. We therefore hold that when the State requests a continuance based on witness unavailability and fails to establish due diligence under HRPP Rule 48(c)(4)(i), but the HRPP Rule 48 deadline has yet to expire, in determining whether to grant a State request for continuance to obtain a witness's presence, a court is to consider the totality of circumstances, which include, but are not limited to: (1) whether the circumstances that caused the witness to be unavailable were unanticipated or not reasonably

24

foreseeable; (2) whether the witness is anticipated to provide relevant and material testimony that benefits the State; and (3) prejudice to the State or to the defendant based on the denial or the grant of a continuance.

## C. Here, under the totality of circumstances, the State established "good cause"

As noted, the district court did not err by finding a lack of due diligence. Hence, if the district court had granted the State's requested continuance to obtain Officer Molina's presence, based on <u>Gillis</u>, the time period of the continuance would not have been excludable for HRPP Rule 48 purposes under both HRPP Rule 48(c)(4)(i)'s due diligence exception and 48(c)(8)'s good cause exception.

After the district court determined there was no due diligence, it also found good cause lacking but referred only to the due diligence timeline. We assume the district court was attempting to apply the common law good cause standard, but this court had yet to establish the totality of circumstances framework set out in this opinion.

We therefore now apply the framework to this case.

Although the State did not exercise due diligence, Officer Molina's unavailability was not anticipated and arguably was not reasonably foreseeable. Officer Molina's testimony was clearly

relevant and material to the State's opposition to Woody's motion to suppress.

With respect to prejudice to the State, we have ruled that despite Operating a Vehicle Under the Influence of an Intoxicant ("OVUII") being a petty misdemeanor, it can be considered a serious offense. State v. Fukuoka, 141 Hawai'i 48, 59-60, 404 P.3d 314, 325-26 (2017). And the charge here was the even more serious one of OVUII as a highly intoxicated driver. Further, it was foreseeable here that denial of the State's motion to continue would result in the grant of the motion to suppress and a dismissal of the charge. Also, it was highly likely that Officer Molina would have been available after a continuance.

Granted, Woody would have been prejudiced as the denial of the continuance would have almost undoubtedly led to the result here – a grant of the motion to suppress and the inability of the State to present its percipient witness testimony. But there was no prejudice to Woody based on unavailability of witnesses she might need if a continuance was granted.

We hold that, on balance, based on the totality of circumstances, there was good cause for a reasonable continuance. It appears Officer Molina may have been available after his weekend reserve training, which presumably ended on Sunday, June 18, 2023. His extended military service was not to begin until July 3, 2023. The original hearing was scheduled to

take place two weeks from its filing; if the same timing were to apply, it appears the hearing could have taken place on or by Friday, June 30, 2023.  If the district court's schedule did not allow a hearing by that date or if Woody or counsel were not available, Officer Molina's training was only through August 8, 2023, and the hearing could have taken place after that.  Even if the continuance period was not excludable for HRPP Rule 48 purposes, the HRPP Rule 48 deadline apparently would not have expired until October 2023.

Hence, as good cause existed, we remand the case to the district court for further proceedings consistent with this opinion.

## V.    Conclusion

Based on the reasons above, we therefore affirm the ICA's August 25, 2025 judgment on appeal vacating the district court's July 28, 2023 "Order Granting Defendant's First Pretrial Motion: Motion to Suppress Fruits of Warrantless Seizure", but for the reasons stated in this opinion.  We remand this case to the district court for further proceedings consistent with this opinion.

| | |
|---|---|
| Eli N. Bowman, | /s/ Vladimir P. Devens |
| for petitioner | /s/ Sabrina S. McKenna |
| | /s/ Todd W. Eddins |
| Matthew P. Woodward, | /s/ Lisa M. Ginoza |
| for respondent | /s/ James H. Ashford |

